**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNARDOS GRAY, JR., | No. C 13-4929 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| G. D. LEWIS; et al., | |
| Defendants. | |

In this *pro se* prisoner's civil rights action, plaintiff claims that prison officials impeded his efforts to practice his Yahweh religion while he was housed at Pelican Bay State Prison. The court ordered service of process on the six defendants identified in the complaint after finding cognizable claims had been pled under RLUIPA, the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See* Docket # 10. The matter is now before the court for consideration of three miscellaneous motions.

First, plaintiff has filed a motion to amend his complaint without submitting a proposed amended complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires but the court cannot make that determination without seeing the proposed new pleading. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") The motion to amend cannot be granted because plaintiff did not attach the proposed amended complaint. Moreover, plaintiff's stated reasons for the proposed amendment are confused. He

has stated that he wants to amend his complaint "with respect to including the equal protection of the 14th Amendment as to all pending claim. Thereby seeking to state that of an Eighth and Fourteenth Amendment violation against defendants Virga, Nielson, Starns and Gom." Docket # 17 at 1 (errors in source).  The court already found that an equal protection claim was stated against the six defendants listed in the complaint, so there does not appear to be a need to amend the claim with regard to those defendants.  The basis for the equal protection and Eighth Amendment claims against the four newly identified potential defendants is not clear because they are not mentioned in the complaint or the attachments thereto.  The motion to amend is DENIED without prejudice because plaintiff failed to attach the proposed new pleading. Docket # 17.

Second, plaintiff has filed a "motion for mistake of identity" in which he seeks to replace the name of an incorrectly named defendant. He wants to substitute in "L. Mitchell" in place of the person wrongly identified as "L. Michael" at paragraphs 7, 20 and 21 of his complaint. Plaintiff's motion is construed to be a motion to amend to substitute defendants and is GRANTED. Docket # 15.  L. Mitchell is now substituted in as a defendant in place of the person identified as L. Michael in paragraphs 7, 20 and 21 of the complaint.  Service of process will be ordered on defendant Chaplain L. Mitchell at Pelican Bay State Prison.

Third, defendants have moved for an extension of the deadline to file their motion for summary judgment or other dispositive motion. In light of plaintiff's addition of a defendant and apparent desire to file an amended complaint, the motion for an extension of the deadline to file dispositive motions is GRANTED.  Docket # 18.  The briefing schedule for dispositive motions is now vacated.

In order to move this action toward resolution:

1. If plaintiff wishes to amend his complaint, he must file another motion to amend and attach to it his proposed amended complaint.  The motion and proposed amended complaint must be filed and served on defendants no later than **June 6, 2014**.  If plaintiff does not file a proposed amended complaint by the deadline, the court will then set a new briefing schedule for dispositive motions.

2. Defendant L. Mitchell is substituted into this action as a defendant in place of the person identified as defendant L. Michael.

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon Chaplain L. Mitchell at Pelican Bay State Prison. Within **thirty days** of being served with process, defendant L. Mitchell must file a notice of appearance in this action.

IT IS SO ORDERED.

Dated: April 28, 2014

_____
SUSAN ILLSTON
United States District Judge