1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

BERNARDOS GRAY, JR.,

      Plaintiff,

    v.

G. D. LEWIS; et al.,

      Defendants.

_____/

No. C 13-4929 SI (pr)

**SCHEDULING ORDER ON REQUEST
FOR PRELIMINARY INJUNCTION**

In this action, plaintiff sues prison officials for impeding his efforts to practice his House of Yahweh religion at Pelican Bay State Prison by denying him a kosher diet and other religious accommodations.  Plaintiff has filed a "motion for temporary injunctive order" to compel prison officials to provide kosher meals to him.  Docket # 42.  The court construes the motion to be a motion for a preliminary injunction, and sets this briefing schedule:  No later than **February 6, 2015**, defendants must file and serve their opposition to plaintiff's motion.  No later than **February 8, 2015**, defendants must *hand-deliver* to plaintiff a copy of the opposition, as well as a copy of any case, statute or rule cited therein.  No later than **February 16, 2015**, plaintiff must file and serve any reply brief.

Plaintiff states in his motion for a preliminary injunction that he has embarked on a hunger strike because prison officials will not provide his requested kosher diet.  In addition to any other arguments addressing the merits of plaintiff's motion, the parties need to provide information about three specific points. First, the parties should explain how much (if any) of the food on the regular food trays may be consumed without violating a kosher diet.  The court

is interested in learning whether every meal tray has food incompatible with a kosher diet on it. The court also is interested in whether other food on the tray can be consumed by a person on a kosher diet even when there is some food incompatible with a kosher diet on some trays. Second, the parties should explain whether there is a vegetarian diet available for plaintiff, *see* 15 Cal. Code Regs. § 3054, and whether that would be consistent with his dietary needs. Third, the parties should explain whether and when plaintiff submitted the CDCR Form 3030 to request a religious diet, *see* Cal. Code Regs. § 3054.3, and the results of those efforts.

IT IS SO ORDERED.

Dated: January 29, 2015

_____
SUSAN ILLSTON
United States District Judge