UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY, JR., <br><br>    Plaintiff, <br><br>    v. <br><br> G. D. LEWIS; et al., <br><br>    Defendants. <br>  _____ / | No. C 13-4929 SI (pr) <br><br> **ORDER DISMISSING REQUEST FOR PRELIMINARY INJUNCTION** |

In this action, plaintiff sued prison officials for impeding his efforts to practice his House of Yahweh religion at Pelican Bay State Prison by denying him a kosher diet and other religious accommodations. At the parties' mutual request, this action was referred to the *Pro Se* Prisoner Mediation Program on June 29, 2015, with an instruction that the mediation proceedings take place within 120 days. *See* Docket # 56 at 12.

On August 11, 2015, plaintiff filed a "motion for an emergency injunctive order," asserting that prison officials at Pelican Bay have not provided him with a kosher diet since his return to Pelican Bay from CSP-Sacramento. Docket # 57. (This is his second motion for injunctive relief. He withdrew his first motion. *See* Docket # 50.)

The current motion for injunctive relief has several evidentiary gaps. First, plaintiff stated that he had to be treated with an "I.V. injection because he was not able to eat kosher food on the transfer to PBSP," Docket # 57 at 2, although it is not clear whether this occurred while in transit or while at Pelican Bay. This assertion raises the same issue noted in an earlier order regarding whether, even if he is not being offered a meal labeled as a "kosher meal," there is other food on the food trays offered to plaintiff that does not offend kosher dietary restrictions.

*See* Docket # 44 at 1-2.  Second, plaintiff did not state the amount of time he was deprived of kosher meals, but it appears to have been not more than three days as of the date he filed his motion.  *Compare* Docket # 57 at 2 (motion sent from plaintiff at Pelican Bay with signature date of August 6, 2015) *with Gray v. Virga*, E. D. Cal. Case No. 2:12-cv-03006-KJM (motion sent from plaintiff at CSP - Sacramento with an August 3, 2015 signature date).  The short duration of the problem casts some doubt on his assertion that he needed an I.V. injection due to the non-provision of kosher meals.  Third, plaintiff did not state whether he actually requested kosher meals from Pelican Bay officials upon his return before filing his motion – a fact that may well make a difference in the analysis of his entitlement to an injunction  Setting a briefing schedule so that plaintiff can make a more detailed evidentiary presentation, defendants can file any opposition, and plaintiff can file a reply will take several weeks, so that the matter may not be ready for decision until mid- to late September.  The pendency of a motion for interim relief also likely will impede the parties' ability to reach a successful resolution in the mediation proceedings in which the provision of kosher meals to plaintiff will be the primary issue.  Those mediation proceedings should occur less than ten weeks from now under the court's June 29, 2015 order.  For these reasons, plaintiff's motion for an emergency injunctive order is DENIED without prejudice to plaintiff filing a new motion with an adequate evidentiary presentation, but only if the parties are unable to resolve their disputes through mediation.  Docket # 57.

The clerk shall send a copy of this order to Magistrate Judge Vadas, the judicial officer in charge of the *Pro Se* Prisoner Mediation Program.  Magistrate Judge Vadas is requested to attempt to schedule a mediation session for this action in September 2015.

IT IS SO ORDERED.

Dated: August 18, 2015

_____
SUSAN ILLSTON
United States District Judge

2