UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>G. D. LEWIS, et al.,<br><br>    Defendants. | Case No. 13-cv-04929-SI<br><br>**ORDER COMPELLING PLAINTIFF TO PROVIDE DISCOVERY**<br><br>Re: Dkt. No. 78 |

On May 13, 2016, defendants filed a "Statement Regarding Discovery Dispute Concerning Plaintiff's Deposition Pursuant to the Court's Standing Order." Dkt. No. 78. In it, defendants request that the Court compel production of certain documents by plaintiff. Plaintiff does not oppose their statement. For the reasons set forth below, Defendants' request is GRANTED.

**BACKGROUND**

In his *pro se* prisoner's civil rights action, plaintiff claims that prison officials impeded his efforts to practice his Yahweh religion while housed at Pelican Bay State Prison. *See* Dkt. No. 10 at 1:21-22.[1] His complaint under 42 U.S.C. § 1983 alleges violations of his rights under the First Amendment, RLUIPA (the Religious Land Use and Institutionalized Persons Act), the Equal Protection Clause, and the Eighth Amendment. *See* Dkt. No. 10 at 4:15-17.

During discovery, defendants deposed plaintiff. In their Notice of Deposition of Plaintiff Bernardos Gray and Requests for Production of Documents at Deposition, defendants requested production of nineteen categories of documents. Dkt. No. 78 at 2:21-23. These documents relate

---

[1] The page numbers cited refer to the page numbers generated by ECF.

to plaintiff's requests for religious accommodations while in California Department of Corrections and Rehabilitation custody, his requests for religious accommodations while in Sacramento County Jail, his claims that defendants burdened his religious practices, communications with defendants concerning his religious practices, and evaluation of plaintiff's injuries. Dkt. No. 78 at 2:23-27. According to defendants, the requested documents are relevant to plaintiff's claims that defendants "violated his religious rights by denying him (1) kosher meals, (2) the ability to practice unspecified religious ceremonies, (3) access to unspecified religious garments and books, (4) religious legal name change, (5) financial assistance, and (6) cellmate arrangements." Dkt. No. 78 at 2:28-3:2.

In their Statement Regarding Discovery Dispute, defendants state that plaintiff has already provided a response to Request No. 12, but not to any other requests. *See* Dkt. No. 78 at 3:4. Defendants further report that, during a meet-and-confer telephone call on March 9, 2016, plaintiff agreed to produce all remaining documents with the exception of documents requested in Request Nos. 17 and 18. Dkt. No. 78 at 2:6-7. However, defendants did not receive any of the agreed-to documents from plaintiff by the April 8, 2016 deadline. Dkt. No. 68 at 2:11. Defendants note that they "attempted to meet and confer with plaintiff on several occasions to discuss the documents," and extended the deadline for production multiple times because plaintiff told defendants that "he could not produce any documents because Sacramento County Jail staff were withholding his legal property." Dkt. No. 78 at 2:212-16. Defendants last extended the deadline to May 6, 2016, but have yet to receive any of the remaining documents which plaintiff agreed to produce. Dkt. No. 78 at 2:16-18. Defendants now request that the Court compel plaintiff to produce a response to Request Nos. 1-11, 13-16, and 19.[2] Dkt. No. 78 at 3:3-5.

In plaintiff's original Response to the Defendants' Request for Production of Documents, Set One, plaintiff objected to Request Nos. 17 and 18 (which were identical requests), seeking "[a]ll documents relating to all grievances [plaintiff] submitted through the Sacramento County Jail grievance system related to [plaintiff's] religious practice" because they "seek[] confidential

---

[2] Plaintiff has already provided a response to Request No. 12. Dkt. No. 78 at 3:4.

1    and private information, not relevant to any claims or defenses at issue in this lawsuit." Dkt. No.
2    78-2 at 2:7-9, 9:10-10:2.  Defendants urge in their Statement Regarding Discovery Dispute that
3    "any grievances that plaintiff submitted to the Sacramento County Jail regarding his religious
4    practice are clearly relevant and discoverable in this case."  Dkt. No. 78 at 3:6-8.

5    The court set a June 3, 2016 deadline for plaintiff to file an opposition to defendants'
6    Statement.  Dkt. No. 79.  Plaintiff has not filed any opposition.

## LEGAL STANDARD

In general, parties may obtain discovery regarding any matter, not privileged, that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Discovery need not be admissible in evidence to be discoverable.  *Id.*

In order to claim a discovery privilege, a party must "expressly make the claim," and produce a privilege log documenting "the nature of the documents, communications, or tangible things not produced or disclosed."  *See* Fed. R. Civ. P. 26(b)(5).

A motion to compel a discovery response is appropriate when a party refuses to produce relevant, non-privileged discovery.  *See* Fed. R. Civ. P. 37(a)(2).  The movant must certify that it has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action.  *See* Fed. R. Civ. P. 37(a)(1).

## DISCUSSION

The documents requested by defendants are relevant to plaintiff's claims and appear to be proportional to the needs of the case, with the time limit identified later in this order.  Therefore, they are within the proper scope of discovery.  *See* Fed. R. Civ. P. 26(b)(1).  Because the discovery sought is relevant information and plaintiff agreed to produce all remaining documents

1  with the exception of documents responsive to Request Nos. 17 and 18 but has failed to do so, the
2  Court finds it appropriate to compel plaintiff to produce the requested documents. *See* Dkt. No. 78
3  at 2:6-7.

4  In his initial response to the discovery requests, plaintiff objected that Request Nos. 17 and
5  18, which sought information relating to grievances about Plaintiff's religious practices at
6  Sacramento County Jail, are "not relevant to any claims or defenses at issue in this lawsuit." Dkt.
7  No. 78-2 at 9:18-19, 10:1-2. His objection is unpersuasive. While plaintiff's complaint is based
8  on conditions at Pelican Bay State Prison rather than a county jail, the documents are nonetheless
9  relevant as his grievance-filing activity at the county jail may give some insight as to the requests
10 he made at Pelican Bay for religious accommodations. Further, the documents requested are
11 proportional to the needs of the case as their benefit would likely outweigh any burden to plaintiff.
12 *See* Fed. R. Civ. P. 26(b)(1). Plaintiff's objection that the documents are "confidential and
13 private" fails because he did not "expressly" claim any legally-recognized privilege and did not
14 produce a privilege log. *See* Fed. R. Civ. P. 26(b)(5).

15 Plaintiff told Defendants in April or May that he could not produce documents because the
16 Sacramento County Jail was withholding his legal property. Dkt. No. 78 at 2:14-15. He has not
17 informed the Court that that problem persists, nor has he provided any evidence to the Court (such
18 as copies of his grievances and responses thereto) to show his efforts to obtain his documents.

19 By extending plaintiff's deadline to produce documents twice, it appears that defendants
20 made good faith, though unsuccessful, efforts to obtain these documents without court action. *See*
21 Dkt. No. 78 at 2:13-16.

22 In light of the fact that plaintiff has failed to submit his opposition to this discovery
23 dispute, the Court finds it appropriate to order plaintiff to produce each of these documents.

24
25
26
27
28

4

**CONCLUSION**

For the foregoing reasons, defendants' request to compel production of documents is GRANTED. Dkt. No. 78.

No later than **July 15, 2016**, plaintiff must produce all documents responsive to Request Nos. 1-11 and 13-19 contained in Defendants' Notice Of Deposition Of Plaintiff Bernardos Gray And Requests For Production Of Documents At Deposition. Plaintiff need not produce any document that was written by him before January 1, 2011, and he need not produce any medical records that are dated before January 1, 2011.

Plaintiff is now cautioned that failure to produce these documents may result in sanctions. The sanctions that may be imposed include, but are not limited to: monetary sanctions, an order prohibiting plaintiff from using or testifying about any unproduced documents, an order prohibiting all testimony from plaintiff, and an order dismissing claims or the action.

**IT IS SO ORDERED**.

Dated: June 23, 2016

SUSAN ILLSTON
United States District Judge